**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MARK DAVIS-WRIGHT,

                          Plaintiff,

        - v -                                                 Civ. No. 8:12-CV-1780
                                                                        (NAM/RFT)

UNION SUPPLY DIRECT INC.,

                          Defendant.

**APPEARANCES:**                                         **OF COUNSEL:**

MARK DAVIS-WRIGHT
07-B-3583
Plaintiff, *Pro Se*
Upstate Correctional Facility
P.O. Box 2001
309 Bare Hill Road
Malone, New York 12953

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

The Clerk has sent to the Court for review a civil rights Complaint filed by *pro se* Plaintiff Mark Davis-Wright, who is presently confined in Upstate Correctional Facility. Dkt. No. 1, Compl. Plaintiff has also filed two Motions to Proceed *In Forma Pauperis* (IFP) and an Inmate Authorization Form. Dkt. Nos. 2, 4, & 5.

### II. DISCUSSION

#### A. *In Forma Pauperis* Application

Turning first to Plaintiff's Motion to Proceed with this Action *In Forma Pauperis*, after reviewing the entire file, the Court finds that Plaintiff may properly proceed with this matter *in*

*forma pauperis*.[1]

## B. Plaintiff's Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

In his *pro se* Complaint, Plaintiff complains that he placed an order for sneakers, walkman, and headphones from the Defendant and that a check in the amount of $80.00 was provided to the company. He alleges that the Defendant claims that the items were shipped, but in light of Plaintiff's non-receipt of the items, a refund would be issued.[2] After waiting for more than one year without receiving the refund, Plaintiff wrote to the Defendant. He believes he has been scammed and brings this action seeking relief.

In drafting his Complaint, Plaintiff utilizes a court form normally used for litigants seeking redress of alleged constitutional violations through 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. §

---

[1] The Second Application filed by Plaintiff provides a certification from the correctional facility, while the first does not. The Court finds that the second Application shall be the operative application and the prior filed Application is moot.

[2] It appears from Plaintiff's exhibits that the items were never received and instead were shipped to California.

1983); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights").

Plaintiff's § 1983 action is problematic on multiple fronts. First, he fails to state a cognizable cause of action for which relief can be granted. In fact, it is unclear to the Court what civil/constitutional rights have been violated since he fails to specify the nature of such rights. Instead, he merely asserts that he is the victim of some type of mail fraud. Second, the more crucial infirmity with the Complaint is the fact that the named Defendant is not asserted to have acted under color of state law. It is well-settled that parties may not be held liable under § 1983 unless it can be established that they have acted under the color of state law. *See*, *e.g., Rounseville v. Zahl*, 13 F.3d 625 (2d Cir. 1994) (noting state action requirement under § 1983); *Wise v. Battistoni*, 1992 WL 280914, at *1 (S.D.N.Y. Dec. 10, 1992) (same) (citations omitted). State action is an essential element of any § 1983 claim. *See Gentile v. Republic Tobacco Co.*, 1995 WL 743719, at *2 (N.D.N.Y. Dec. 6, 1995) (citing *Velaire v. City of Schenectady*, 862 F. Supp. 774, 776 (N.D.N.Y. 1994) (citation omitted). There is no allegation that Defendant acted under color of state law with regard to the mail dispute.

In this regard, it appears that § 1983 is not the proper vehicle for Plaintiff to seek judicial review of the claims herein. Accordingly, to the extent Plaintiff is seeking to remedy some constitutional violation, his Complaint fails to state a cause of action to which relief can be provided and should therefore be **dismissed**.

But our assessment of the legal viability of the Complaint does not end there. It is well settled that a federal court, whether trial or appellate, is obligated to notice on its own motion the

basis for its own jurisdiction, thus, we must examine whether diversity jurisdiction exists. *City of Kenosha, Wisconsin v. Bruno*, 412 U.S. 507, 512 (1973); *see also Alliance of Am. Ins. v. Cuomo*, 854 F.2d 591, 605 (2d Cir. 1988) (challenge to subject matter jurisdiction cannot be waived); FED. R. CIV. P. 12(h)(3) (court may raise basis of its jurisdiction *sua sponte*). Despite using a *pro forma* §1983 Complaint, Plaintiff asserts, in a hand-written Civil Cover Sheet (Dkt. No. 1-2), that he brings this action pursuant to the Court's diversity jurisdiction. Because the claims stated herein sound in breach of contract, and in light of his *pro se* status, we consider whether the Court has subject matter jurisdiction under 28 U.S.C. § 1332, the statute conferring diversity jurisdiction.

For diversity jurisdiction to exist, the matter in controversy must exceed $75,000 and must be between

> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a).

For diversity jurisdiction purposes, an individual's citizenship is the individual's domicile, which is determined on the basis of two elements: "(1) physical presence in a state and (2) the intent to make the state a home." *See Zimak Co. v. Kaplan*, 1999 WL 38256, at *2 (S.D.N.Y. Jan. 28, 1999) (quoting 15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 102.34[2] (3d ed. 1998)). Corporations are deemed to be "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c).

In the "Parties" section of his Complaint and hand-written Civil Cover Sheet, Plaintiff lists

that he is a resident of Franklin County and Malone, New York,[3] and lists Defendant's as located in Groveport, Ohio, but Plaintiff does not state its place of incorporation nor its principal place of business. Nevertheless, even if Plaintiff could establish that he and the Defendant are domiciled in different States for purposes of 28 U.S.C. § 1332(a), he fails to assert that this action concerns the requisite minimal amount in controversy of $75,000. Herein, Plaintiff would be limited in this purported breach of contract claim to the amount that would make him whole, that is, the $80.00 he sent to Defendant in exchange for the goods ordered. *See Lucente v. Int'l Bus. Mach. Corp.*, 310 F.3d 243, 262 (2d Cir. 2002) (noting that "damages for breach of contract should put the plaintiff in the same economic position he would have been in had the defendant fulfilled the contract" and damages are measured "by the value of the item at the time of the breach"). According to the allegations in the Complaint and documents attached thereto, Plaintiff provided a check in the amount for $80.00 for goods he never received, and the promised refund of this amount was not forthcoming. Thus, there is no basis set forth in Plaintiff's Complaint that would entitle him to $164,080.90 as he seeks. Where the amount in controversy does not exceed $75,000, diversity jurisdiction does not exist, and the Court lacks subject matter jurisdiction to entertain the action. When subject matter jurisdiction is lacking, dismissal is mandatory. *United States v. Griffin*, 303 U.S. 226, 229 (1938); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Thus, dismissal of this action is warranted.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Second *in Forma Pauperis* Application (Dkt. No. 4) is **granted**

---

[3] Plaintiff is currently incarcerated at Upstate Correctional Facility, which is located in the town of Malone, in Franklin County, New York

and Plaintiff's First *in Forma Pauperis* Application (Dkt. No. 2) is **deemed moot**; and it is further

**RECOMMENDED**, that the entire Complaint be **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction; and it is further

**ORDERED**, that the Clerk serve a copy of this Report Recommendation and Order on Plaintiff by certified mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

**IT IS SO ORDERED**.

Date:　January 11, 2013
　　　　Albany, New York

Randolph F. Treece
U.S. Magistrate Judge